**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meadow Valley Contractors, Inc., a Nevada corporation,<br><br>        Plaintiff/Counter-Defendant,<br><br>vs.<br><br>C&S Engineers, Inc., a New York corporation; John and Jane Does I-X; ABC Corporation I-X; and XYZ Partnerships I-X,<br><br>        Defendants/Counter-Claimants. | No. CV-11-8154-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Remand and/or For Abstention. (Doc. 22). For the reasons discussed below, the motion is denied.

**BACKGROUND**

On April 5, 2010, Plaintiff Meadow Valley Contractors, Inc., a Nevada corporation, entered into a construction contract with the Town of Springerville, Arizona to resurface the Springerville Municipal Airport (the "Project"). At some point after starting work on the Project, Meadow Valley requested that the project be suspended, claiming that the contract plans, specifications and drawings (the "Design Documents") were faulty. On September 26, 2011, Meadow Valley filed its Complaint in this action in Apache County Superior Court against Defendant C&S Engineers, Inc., a New York corporation and the designer for the

Project. In the Complaint, Meadow Valley brings claims against C&S for negligence, negligent misrepresentation, breach of implied warranty, and tortious interference with contract.

On October 11, 2011, C&S removed the action to this Court, asserting complete diversity of the parties as the basis for the Court's jurisdiction. (Doc. 1). On October 19, 2011, C&S filed its Answer and brought counterclaims against Meadow Valley for negligence and negligent misrepresentation. On November 14, 2011, Meadow Valley filed its motion to dismiss the counterclaims for failure to state a claim, a motion which is still pending in this Court. (Doc. 8).

On February 7, 2012, Meadow Valley filed a complaint in Apache County Superior Court against the Town for breach of contract and breach of the covenant of good faith (the "State-court Action"). C&S asserts—and Meadow Valley does not deny—that the State-court Action is "based on the same factual allegations" as this action. (Doc. 22 at 3). Given the existence of the closely related State-court Action, C&S now moves for remand of this action back to the Apache County Superior Court. (Doc. 22).

**DISCUSSION**

Defendant asserts that it is seeking remand pursuant to the *Younger* and *Colorado River* abstention doctrines. (Doc. 22). Plaintiff asserts in response that "[a]lthough remand may be appropriate at some point," the Court should first decide Plaintiff's motion to dismiss and various discovery disputes between the Parties. (Doc. 26 at 2).

The Supreme Court has held that "federal courts have the power to dismiss or remand cases based on abstention principles *only* where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996) (emphasis added). In the instant action, Plaintiff seeks "general, consequential, punitive, and special damages." (Doc. 1-1, Ex. 1 at 7). The Court therefore lacks power to remand this case under the *Younger* or *Colorado River* abstention doctrines. *See Quackenbush*, 517 U.S. at 731 ("Because this was a damages action, we conclude that the District Court's remand order was [ ] unwarranted.").

Should the Parties decide to stipulate to a remand without conditions, they are directed to file their stipulation with the Court within fourteen (14) days of the date of this Order. *See CDN Inc. v. Kapes,* 197 F.3d 1256, 1258 (9th Cir.1999) ("Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent."); *Randy's Trucking Inc. v. City of Shafter*, 2008 WL 5156665, *3 (E.D. Cal. Dec. 9, 2008) ("In light of the stipulation to remand, the parties are directed to submit a proposed order/stipulation to remand this case to the Kern County Superior Court."); *Bonvillian v. United Auto Credit*, 2007 WL 810097, *4 (E.D. Cal. Mar. 15, 2007) ("Given the uncertainty of jurisdiction in this particular case, under these particular facts, and in the interest of economy and justice, the parties stipulated to remand this case to State court for adjudication of the sole state law based claim."). Should the Parties not so stipulate, the Court will rule on Meadow Valley's motion to dismiss and proceed with this case. *See Kline v. Burke Const. Co.*, 260 U.S. 226, 228 (1922). ("Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata . . .The rule, therefore, has become generally established that . . . another action for the same cause in another jurisdiction is not precluded.").

**IT IS THEREFORE ORDERED** that Defendant's Motion to Remand and/or for Abstention (Doc. 22) is **DENIED.**

DATED this 14th day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 3 -