**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meadow Valley Contractors, Inc., a Nevada corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>C&S Engineers, Inc., a New York corporation; John and Jane Does I-X; ABC Corporation I-X; and XYZ Partnerships I-X,<br><br>    Defendants/Counter-Claimants. | No. CV-11-8154-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Dismiss Counterclaim. (Doc. 8). For the reasons discussed below, the motion is granted in part and denied in part.

## BACKGROUND

On April 5, 2010, Plaintiff Meadow Valley Contractors, Inc., a Nevada corporation, entered into a construction contract with the Town of Springerville, Arizona (the "Town") to resurface the Springerville Municipal Airport (the "Project"). Defendant C&S Engineers, Inc. had earlier prepared the Project's plans, specifications, and drawings (the "Design Documents") pursuant to a separate contract with the Town. At some point after starting work on the Project, Meadow Valley requested that the Town suspend work on the Project, claiming that the Design Documents were faulty. In its Complaint, Meadow Valley brings claims against C&S for negligence, negligent misrepresentation, breach of implied warranty,

and tortious interference with contract.

In its Answer to the Complaint, C&S filed counterclaims against Meadow Valley for negligence and negligent misrepresentation. (Doc. 5). C&S claims that by negligently failing to "evaluate and implement the requirements of the Design Documents and construct the Project," Meadow Valley caused "damages [to C&S] in an amount to be proven at trial." (Doc. 5, ¶ 74). C&S further claims that Meadow Valley negligently represented that the Design Documents were defective, thereby causing C&S to expend $250,000 in testing and other activities to demonstrate to the Town "the soundness and feasibility of the Design Documents." (Doc. 5, ¶ 84). On November 14, 2011, Meadow Valley moved to dismiss the counterclaims for failure to state a claim. (Doc. 8).

On March 21, 2012, C&S moved to remand this action to the Apache County Superior Court. (Doc. 22). On May 14, 2012, the Court denied C&S's motion for remand, but, given that both Parties had expressed an interest in stipulating to a remand, directed the Parties to file any such stipulation with the Court within fourteen days. (Doc. 33). The Court further stated that should the Parties fail to so stipulate, the Court "w[ould] rule on Meadow Valley's motion to dismiss and proceed with this case." (Doc. 33 at 3). At the Parties' request, the Court later extended this stipulation deadline to June 11, 2012. As of the date of this Order, however, the Parties have not filed any stipulations with the Court. Therefore, the Court will now rule on Meadow Valley's motion to dismiss.

## DISCUSSION

**I.    Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*,

1   550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content
2   that allows the court to draw the reasonable inference that the defendant is liable for the
3   misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550
4   U.S. at 556). Legal conclusions couched as factual allegations are not given a presumption
5   of truthfulness, and "conclusory allegations of law and unwarranted inferences are not
6   sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.   Analysis**

   **A. Negligence**

   C&S first claims Meadow Valley is liable to C&S for negligently "evaluat[ing] and implement[ing] the requirements of the Design Documents." (Doc. 5, ¶ 74)."To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007).

   Meadow Valley does not dispute that C&S has adequately pled breach, causation, and damages. (Doc. 8). Meadow Valley contends, however, that it had no duty of care towards C&S and is therefore entitled to judgment as a matter of law. (*Id.*). "[W]hether a duty exists, is a matter of law for the court to decide." *Gibson*, 214 Ariz. at 143. "The question is whether the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff." *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985).

   C&S contends that "Meadow Valley had a duty to exercise due care for the benefit of C&S by virtue of the parties' respective contracts with the Town." (Doc. 9 at 10). By entering into a contract with an entity, one does not automatically assume a duty of care towards all other parties with which that entity contracts. Nonetheless, given Meadow Valley and C&S's "joint status" as contractors on the Project, and the need for them to work together responsibly to complete the Project, Meadow Valley was under an obligation to use care when it made representations about C&S's actions. *Cf. Collette v. Tolleson Unified*

- 3 -

1  *School Dist.*, 203 Ariz. 359, 362, 54 P.3d 828, 831 (App. 2002) (stating that motorists have
2  a duty of care towards each other due to "their joint status as motorists").

3        In *Donnelly Const. Co. v. Oberg/Hunt/Gilleland*, the Arizona Supreme Court held that
4  an architect has a duty of care towards a contractor which uses his designs, even where the
5  two are not in contractual privity. 139 Ariz. 184, 188, 677 P.2d 1292, 1296 (1984). C&S
6  contends that *Donnelly* is unlike the instant case because "[c]ontractors rely on design
7  professionals to build construction projects, but the inverse is not the case." (Doc. 8 at 6). In
8  fact, however, design professionals do rely on contractors to build construction projects. And
9  given the collaboration required between the two to complete a project, each must exercise
10 appropriate care before assessing the blame for failures to the other. In short, C&S has
11 alleged facts which make it plausible that Meadow Valley had a duty of care towards C&S
12 to complete the Project. C&S's negligence claim will not, therefore, be dismissed.

13     **B.**    **Negligent Misrepresentation**

14       C&S also contends that Meadow Valley is liable for negligent misrepresentation.
15 Arizona has adopted the Restatement (Second) of Tort's definition of negligent
16 misrepresentation:

17-20 > (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

21 Restatement (Second) of Torts § 552(1) (1977). *See also Kuehn v. Stanley*, 208 Ariz. 124,
22 127–28, 91 P.3d 346, 349–50 (Ct. App. 2004) ("Arizona courts follow the law of negligent
23 misrepresentation set forth in Restatement § 552(1)."). The Restatement further provides that
24 liability under § 552(1) is limited "to loss suffered *by the person . . . for whose benefit and*
25 *guidance* [the defendant] intends to supply the information or knows that the recipient
26 intends to supply it." Restatement (Second) of Torts § 552(2) (emphasis added).

27       C&S has adequately alleged that, in the course of a transaction in which Meadow
28 Valley had a pecuniary interest, Meadow Valley supplied false information to the Town and

C&S, namely that the Design Documents were defective. (Doc. 5, ¶ 80). C&S has also adequately alleged that Meadow Valley failed to exercise reasonable competence in determining that the documents were defective, and that the Town and C&S's reliance on this determination caused C&S pecuniary harm. (Doc. 5, ¶ 83–84). C&S has not alleged facts, however, which make it plausible that the information which Meadow Valley conveyed—namely that the Design Documents are defective—was conveyed for the "benefit and guidance" of C&S. Restatement (Second) of Torts § 552(2).

The Arizona Supreme Court has emphasized that "whether a non-contracting party may recover economic losses for a defendant's negligent misrepresentation should depend on whether . . . . [that party] is within the limited class of persons to whom the defendant owes a duty." *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320, 327–28, 223 P.3d 664, 671–72 (2010). In other words, unless an entity is within the class of those "for whose benefit and guidance [the defendant] intends to supply the information or knows that the recipient intends to supply it," the entity cannot recover under a negligent misrepresentation theory. *Id.*; Restatement (Second) of Torts § 552(2). Given the facts as alleged, is it not plausible that Meadow Valley made the representation that the Design Documents are defective for C&S's benefit. The Court will therefore dismiss the negligent misrepresentation count for failure to state a claim.

## CONCLUSION

For the reasons discussed above, C&S has adequately pled a negligence claim but has failed to state a negligent misrepresentation claim.

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED** that Meadow Valley's Motion to Dismiss Counterclaim (Doc. 8) is **granted in part and denied in part.**

DATED this 22nd day of June, 2012.

G. Murray Snow
United States District Judge

- 5 -